NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HARRY A. RICHARDSON, *pro se*, | : | |
| Appellant, | : | Civ. No. 05-3157 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| ANDREA DOBIN, *et al.*, | : | |
| Appellees. | : | |

**BROWN, District Judge**

This matter comes before the Court upon *pro se* appellant Harry A. Richardson's

("Appellant") appeal of the May 11, 2005 Order of the United States Bankruptcy Court for the

District of New Jersey ("Bankruptcy Court") denying Appellant's motion for a stay of several

orders pending appeal.  This Court, exercising jurisdiction pursuant to 28 U.S.C. § 158(a), and

having considered the parties' submissions and decided the motion without oral argument, and

for the reasons set forth in this Memorandum Opinion, will deny Appellant's appeal.

I.  BACKGROUND

Appellant filed a motion for stay pending appeal with respect to three separate orders of

the Bankruptcy Court.  The first order, dated December 6, 2004, denied Appellant's cross-motion

and motion for reconsideration of the order denying Appellant's cross-motion for appointment of

independent counsel to prosecute certain litigation on behalf of the debtor, Richardson Industrial

Contractors, Inc. ("RICI").  This Court dismissed Appellant's appeal of that order for failure to

follow the rules of bankruptcy procedure and denied Appellant's motion for reconsideration and a stay pending appeal (Civ. No. 05-0501), which is now being appealed to the Third Circuit Court of Appeals.

The second order, dated January 5, 2005, approved the Settlement Agreement for RICI with St. Paul/Seaboard Surety Company and Moniaros Contracting Corp. ("Appellant's Exhibit A"), entered into by RICI's Chapter 7 Trustee.  This Court dismissed Appellant's appeal of that order for failure to file a timely notice of appeal and denied Appellant's motion for reconsideration and a stay pending appeal (Civ. No. 05-1190), which is now being appealed to the Third Circuit.

The third order, dated April 13, 2005, was a consent order resolving a motion to amend a prior order with respect to claims in the Bankruptcy Court.  Appellant objected to the consent order, and the objection was rejected by the Bankruptcy Court.  This Court granted appellees' cross-motion to dismiss Appellant's appeal for lack of standing.  Appellant's motion for reconsideration and a stay pending appeal was denied by this Court in a Memorandum Opinion filed this same day. (Civ. No. 05-2803).

On May 9, 2005, the Bankruptcy Court heard oral argument on Appellant's motion to stay the above orders.  The court denied Appellant's motion from the bench and filed an order memorializing that decision.  In denying the motion, the court ruled that Appellant had not met the standard necessary for a stay pending appeal.  Appellant then filed the instant appeal with this Court.

II.  DISCUSSION

    A. <u>Standard of Review</u>

Bankruptcy Rule 8013 provides that the district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ."  Fed. R. Bankr. P. 8013.  A factual finding is clearly erroneous only where "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003)(quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A bankruptcy court's conclusions of law, on the other hand, are reviewed *de novo*.  *Id.*  Where mixed questions of law and fact are presented, the appropriate standard must be applied to each component of the appeal.  *Id.*

Here, the Bankruptcy Court's determination that Appellant did not meet the standards for granting a stay pending appeal is a question of law.  Accordingly, the Bankruptcy Court's holding will be reviewed *de novo*.

    B. <u>Appellant Did Not Sufficiently Establish The Elements Necessary For A Stay Pending Appeal</u>

The Third Circuit has adopted the Supreme Court's reasoning in *Hilton v. Braunskill*, 481 U.S. 770 (1987), and stated that the standard governing stays of civil judgments requires the court to weigh:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the

3

proceeding; and (4) where the public interest lies.

*Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).  The

Bankruptcy Court applied this standard in analyzing Appellant's argument below.  (Tr.,

Bankruptcy Case No. 03-26318 (KCF), May 9, 2005, at 31).  The court noted that this is the

same standard applied to applications for preliminary injunctions.  *See Campbell Soup Co. v.*

*ConAgra, Inc.*, 977 F.2d 86, 90-91 (3d Cir. 1992).  The burden of proof is on the party seeking

the preliminary injunction, *id.* at 90, and therefore the burden of proof in this instance is on

Appellant, the party seeking the stay.  That burden must be met "*by a clear showing*."  *Mazurek*

*v. Armstrong*, 520 U.S. 968, 972 (1997)(citation omitted).

> The Federal Rules of Bankruptcy Procedure require that

>> A motion for a stay of the judgment, order, or decree of a
>> bankruptcy judge, . . . must ordinarily be presented to the
>> bankruptcy judge in the first instance.
>> ***
>> A motion for such relief, . . . may be made to the district court . . .
>> but the motion shall show why the relief, modification, or
>> termination was not obtained from the bankruptcy judge.

Fed. R. Bankr. P. 8005.  As appellees Salvatore and Deanne Arnone assert, Rule 8005 patently

requires that Appellant show why the Bankruptcy Court did not grant the requested stay.

(Arnones' Br. at 2).  Another district court has held that a party failing to indicate the reasons for

a bankruptcy judge's denial of a motion to stay has "failed to make the necessary showing for the

Court to enter a stay" in that case, pursuant to Rule 8005.  *In re Duncan*, 107 B.R. 758, 759

(W.D. Okla. 1988).  Consequently, this Court must determine both whether Appellant has

established the four elements necessary for the grant of a preliminary injunction and whether

Appellant has demonstrated why the Bankruptcy Court denied the motion below.

1.   <u>Likelihood of Success on the Merits</u>

Appellant devoted a significant portion of his appellate brief toward argument in support

of this element.  (Appellant's Br. at 5-13).  Despite the length of the argument, Appellant failed

to make any legal argument sufficient to prove the element by clear and convincing evidence.

Outside of mere assertions that the Third Circuit is likely to rule in his favor and a discussion of

facts purportedly relevant to the issue, Appellant offered no authority or analysis in support of his

argument and thus has made no showing of a likelihood of success on the merits.  Furthermore,

Appellant failed to demonstrate why the Bankruptcy Court denied Appellant's motion in the first

instance, as required by Rule 8005.

2. <u>Probability of Irreparable Harm</u>

Appellant asserts that both he and RICI will incur irreparable damage absent a stay.

(Appellant's Br. at 18-20).  Appellant's rationale is that a stay would enable him to retain

competent counsel to prosecute RICI's case, and otherwise RICI "will be sentenced to death by

liquidation."  (Appellant's Appeal Br. at 20).  Appellant failed, however, to "make a 'clear

showing of *immediate* irreparable harm.'"  *Campbell Soup Co.*, 977 F.2d at 91 (quoting *Hohe v.*

*Casey*, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989)).  "[A] showing of

irreparable harm is insufficient if the harm will occur only in the indefinite future."  *Id.*

Appellant has made no specific showing as to why a stay of the orders will avert the alleged

harm, nor that such harm is imminent, thus failing to prove this element.

3. <u>Injury to Other Parties to the Proceeding</u>

This Court must also "consider the effect of the issuance of a preliminary injunction on

other interested persons . . . ."  *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172,

1175 (3d Cir. 1990)).  Appellant does not directly address the impact a stay would have on the appellees, nor do the appellees address the matter in their briefs, instead directing their arguments towards Appellant's failure to prove the elements necessary for a stay.  With the burden of proof on Appellant to establish the elements necessary for a stay, it is not incumbent upon the appellees to demonstrate how they would be harmed by the stay.  Consequently, there has been no showing made with respect to the impact of a stay on other interested persons.

### 4. Public Interest in the Outcome

Appellant addresses the public policy favoring a stay being granted.  (Appellant's Br. at 21-22).  The arguments raised on this point, however, again consist of various assertions with respect to the public interest without any citations to legal precedent for support or relevance to the instant matter.  Therefore, Appellant has failed to demonstrate that the public interest favors the granting of a stay in this case.

Given Appellant's burden of proving the elements necessary for a preliminary injunction by clear and convincing evidence in order for this Court to issue the requested stay and Appellant's subsequent failure to prove any of the four elements by a clear showing, Appellant's appeal of the Bankruptcy Court's denial of his request for a stay pending appeal must be denied.

III.  CONCLUSION

For the reasons discussed above, Appellant's appeal is denied and thus the May 9, 2005

Order of the Bankruptcy Court is affirmed.

Dated: October 11, 2005

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

7